IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **ABIGAIL ARMSTRONG,** *Plaintiff* | § § § § | |
| v. | § § | A-24-CV-00275-DII-SH |
| **DAWN HAGOOD,** *Defendant* | § § § § | |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:** THE UNITED STATES DISTRICT COURT

Before the Court are Abigail Armstrong's ("Plaintiff") Complaint (Dkt. 1) and Application to Proceed *In Forma Pauperis* and Financial Affidavit in Support (Dkt. 2), both filed March 12, 2024. The District Court referred this case to this Magistrate Judge for disposition of the Application and Report and Recommendation as to whether the case should be dismissed as frivolous under 28 U.S.C. 1915(e), pursuant to Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas and the Court Docket Management Standing Order for cases assigned to Austin Docket II. Dkt. 3.

### I.   *In Forma Pauperis* Status

Under 28 U.S.C. § 1915(a)(1), a district court may permit a plaintiff to file an action in federal court "without prepayment of fees or security thereof" if the plaintiff shows by affidavit that she is unable to pay such fees or security. "A district court's determination of whether a party may proceed in forma pauperis must be based solely upon economic criteria." *Gibbs v. Jackson*, 92 F.4th 566, 569 (5th Cir. 2024). To determine whether a particular order causes "undue financial hardship," a court must examine the financial condition of the *in forma pauperis* applicant. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). "This entails a review of other demands on

1

individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.* A plaintiff need not "be absolutely destitute" or spend "the last dollar they have" toward the payment of court costs to enjoy the benefit of in forma pauperis status. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The Supreme Court has stated that "an affidavit is sufficient which states that one cannot because of his poverty 'pay or give security for the costs and still be able to provide' himself and dependents 'with the necessities of life.'" *Id.*

After reviewing Plaintiff's Application, the Court finds that Plaintiff cannot pay the filing fee without experiencing undue financial hardship. Accordingly, the Court **HEREBY GRANTS** Plaintiff *in forma pauperis* status. This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Plaintiff is further advised that although she has been granted leave to proceed *in forma pauperis*, a Court may impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, the Court has conducted a § 1915(e) review of the claims in the Complaint and recommends that Plaintiff's claims should be dismissed under 28 U.S.C. § 1915(e). Therefore, service on Defendant should be withheld pending the District Court's review of the recommendations in this report. If the District Court declines to adopt the recommendations, service should be issued on Defendant at that time.

## II. Section 1915(e)(2) Frivolousness Review

### A. Standard of Review

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review her Complaint under § 1915(e)(2). A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action is (1) frivolous or

malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 882, 889 (5th Cir. 1998)). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing "fanciful," "fantastic," and "delusional" allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 327-28). "Some claims are so insubstantial, implausible, or otherwise completely devoid of merit as not to involve a federal controversy. Federal courts lack power to entertain these wholly insubstantial and frivolous claims." *Atakapa Indian de Creole Nation v. Louisiana*, 943 F.3d 1004, 1006 (5th Cir. 2019) (cleaned up).

A complaint fails to state a claim on which relief may be granted when plaintiff does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To avoid dismissal for failure to state a claim, a plaintiff must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice to state a claim on which relief may be granted. *Id.* While pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), plaintiff's *pro se* status offers "no impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

### B.  Plaintiff's Complaint Should Be Dismissed under § 1915(e)(2)

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.*

Congress has granted federal courts subject matter jurisdiction over two general types of cases: (1) cases that arise "under the Constitution, laws, or treaties of the United States," *i.e.*, "federal question jurisdiction"; and (2) cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties, *i.e.*, "diversity jurisdiction." 28 U.S.C. §§ 1331, 1332. If a court determines that it lacks subject matter jurisdiction over an action, it must dismiss the action. FED. R. CIV. P. 12(h)(3).

This is one of three cases Plaintiff, an Austin, Texas resident, has filed in this court in a span of two months. The District Court dismissed as frivolous a case Plaintiff filed against Budget Rental Car on January 9, 2024, asserting claims that she suffered discrimination as a Caucasian under 42 U.S.C. § 1981 and intentional infliction of emotional distress under Texas law. *Armstrong v. Budget Rental Car*, No. 1:24-cv-00026-RP. Another lawsuit Plaintiff filed the same day, *Armstrong v. SP Parking Plus*, No. 1:24-cv-00025-RP-DH, proceeds.

Here, Plaintiff alleges that her landlord, Defendant Dawn Hagood, has "harassed" her for three months for failing to pay rent. Dkt. 1 at 2. Plaintiff also alleges that Defendant falsely filed a police report that Plaintiff "attacked" Defendant's dog and left gasoline in her house to "scare her." *Id.* Plaintiff seeks $3,750 from Defendant for the alleged harassment, "torment," and pain and suffering she has endured. *Id.* at 4. Notably, Plaintiff does not allege any federal causes of action.

4

In her Civil Cover Sheet, Plaintiff checked the "U.S. Government Plaintiff" box as a basis for this Court's subject matter jurisdiction. Dkt. 1-1 at 1. But Plaintiff is a private citizen and cannot qualify as the "U.S. Government." Plaintiff alleges not facts or claims that would invoke this Court's subject matter jurisdiction.

The Court does not have diversity jurisdiction over her claims because Plaintiff alleges that both she and Defendant Hagood are Texas residents. *Id.* at 2. The Court also does not have federal question jurisdiction because Plaintiff does not allege a federal cause of action, and she identifies no federal statutes that apply to her allegations. Because this Court lacks subject matter jurisdiction over this matter, her suit must be dismissed under 28 U.S.C. § 1915(e)(2).

### III.   ORDER AND RECOMMENDATION

The Court **GRANTS** Plaintiff's Application to Proceed *In Forma Pauperis* and Financial Affidavit in Support (Dkt. 2).

This Magistrate Judge **RECOMMENDS** that the District Court **DISMISS with prejudice** Abigail Armstrong's lawsuit as frivolous under 28 U.S.C. § 1915(e)(2).

The Court **FURTHER ORDERS** the Clerk to **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable District Court.

### IV.   WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo

review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on March 19, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE